# GOODRICH DRUG COMPANY v. CASSADA MANU-FACTURING COMPANY.

---

### TRADEMARKS; SIMILARITY OF MARKS.

1. In a trademark case involving the question whether two marks are so similar as to cause confusion in trade, any doubt existing should be resolved for the protection of the public, in whose interest the prohibition of the statute as to the registration of trademarks likely to create such a confusion was enacted.

2. The word "Velvetina" as a trademark applied to face powder is so similar to "Velvelite" as applied to the same goods as to be likely to cause confusion in trade.

3. In determining whether there is such a similarity between words used as trademarks on the same class of goods as to be likely to cause confusion in trade, the dissimilarity of the labels used by the parties, and of the boxes used by them in packing the goods, is of little, if any, consequence, as they may be changed at the will of the user.

No. 1078.   Patent Appeals.   Submitted January 9, 1917.   Decided February 5, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents denying a petition for the cancelation of a registered trademark.                                    *Reversed.*

The facts are stated in the opinion.

*Mr. Charles E. Foster* and *Mr. Walter A. Johnston* for the appellant.

*Mr. H. N. Paul, Jr.,* and *Mr. Theodore S. Paul* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from the decision of the Commissioner of Pat-

ents denying the petition of appellant, Goodrich Drug Company, for cancelation of a trademark registered by appellee, Cassada Manufacturing Company. The Commissioner reversed the decision of the Examiner of Interferences.

The registered trademark of appellee company is the word "Velvelite." The mark of appellant company, upon which the request for cancelation is based, is the word "Velvetina." Both marks are used on face powder. That appellant company adopted and used its mark long prior to the date of the adoption of its mark by appellee company is conceded. We have, therefore, the single question of similarity of marks, no existence of actual confusion in trade having been proven.

In this sort of a case, little aid is to be secured from the decisions of the courts in similar cases. The decision, after all, must be based largely upon the impression conveyed to the mind of the court as to the probable result of the use of these marks upon the same kind of goods. That it would be likely to lead to confusion we have no doubt. But if a doubt existed, it should be resolved for the protection of the public, in whose interest the prohibition of the statute as to the registration of trademarks likely to create confusion in trade was enacted.

We think the Assistant Commissioner fell into error in turning his decision upon the following ground: "There have been two points brought out by the record that are decisive of this case: First, the dissimilarity of registrant's entire label as compared with that of the Goodrich Drug Company, the labels of the Cassada Manufacturing Company being all gilt labels; and even the shape of the box in which the powder is put up is so unlike that of the Goodrich Company that there is evidently no intention of the Cassada Manufacturing Company to mislead purchasers by the general appearance of its packages and labels."

These matters of dissimilarity should be of little concern in determining the actual conflict between the marks. The label and box are no part of the mark and can be changed at the will of the user. Hence, instead of being a distinction, they may become an inducement to deception and an aid in accomplishing the very thing which the statute aims to prevent.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.                                              *Reversed.*